Frank P. Middleton et al., appellants,

*v.*

Josiah Steward et al., respondents.

The right of the husband to a life estate in the lands of the wife at her death, cannot be devised by her will, made by the consent of the husband in writing.

On appeal from a decree advised by Vice-Chancellor Bird, who filed the following conclusions:

An injunction is asked to restrain a creditor in an attachment proceeding from making his money out of the real estate in which the defendants say he has an interest as tenant by the curtesy, but in which the complainants say that Steward has only such interest as was devised to him by the last will of his wife. The complainants insist that Steward has no legal interest in the land attached, but only an equitable, and that the legal title. is in the other complainants, and that if the attachment is allowed to be consummated, a cloud on the title will thereby be created which will greatly impair the value of the lands.

The wife of Steward made her will, in and by which she devised to B. and J. Kain, two of the complainants, and to the survivor of them, a house and lot, in trust, that they or the survivor of them should permit her husband, one of the said complainants, to occupy said house and lot during his lifetime, he paying the taxes and other municipal charges, and the interest on a $500 mortgage thereon, and keeping the premises in repair; but in case he should prefer not to occupy said house and lot, then the said trustees were to hold the same in trust, and rent the same, and after paying said charges and keeping said premises in repair, were directed to pay the remainder of the interest to the said complainant, during his life. The said trustees were authorized to sell the said lot, and to invest the proceeds and to apply the interest to the benefit of the said Steward; and after

the death of Steward, the lot, if unsold, and the proceeds, if sold,. she gave to her daughter.

Steward endorsed on said will his consent thereto, under his. hand and seal.

As stated, the attaching creditor levied upon Steward's interest in the land. Steward entered an appearance for the purpose of moving to quash the writ, but Mr. Justice Parker refused the motion, upon the ground that the wife could not dispose of any interest that her husband might have in her lands by law after her death.

The trustees named in the will were not made parties to the attachment proceedings, and consequently were not in court before the circuit judge.

The resistance to this application for an injunction is two-fold :. (1) It is said that the matter is *res adjudicata;* (2) and that if this court has jurisdiction, then the wife had no power under the law by will to dispose of any interest which her husband might have in her land, such as he had in this case, having had issue by her born alive in lawful wedlock and surviving her.

I. Since the trustees were not parties to the attachment proceedings, and since they have an interest in the land given to them by the will, supposing it be nothing but a power to sell, it cannot be said that the matter in dispute has been once heard and determined as to them.

II. The important question is, since by the statute a married woman can make a will disposing of her real estate, can she, with her husband's written consent thereto, dispose of his right as tenant by the curtesy therein ? The statute (*Rev. p. 638* § *9*), which authorizes a married woman to make a will disposing of any real or personal property, expressly provides that nothing therein contained shall be so construed as to authorize any married woman to dispose by will of any interest or estate in real property to which her husband would be at death entitled by law ; but declares that such interest or estate shall remain and vest in the husband the same as if such will had not been made. On the motion to quash in the circuit court, Mr. Justice Parker decided that the force of the statutory provisions were not over-

Middleton *v.* Steward.

come by the consent of the husband, under his hand and seal, that the wife should make such disposition of her real estate. He said : "It matters not that the husband assented to the will ; it matters not that the will purported to give to the defendant substantially the same interest in the land that he took as tenant by the curtesy. The statute, by virtue of which a married woman can make a valid will to pass real estate, expressly forbids the right her husband would take at her death from passing by will, and it remains as if the will had not been made." *Middleton* v. *Steward, 9 N. J. L. J. 174.*

It would be my plain duty to follow this decision, were it not for the case of *Beals's Exr.* v. *Storm, 11 C. E. Gr. 372,* by which it appears that, in Chancellor Runyon's opinion, the husband consenting thereto, the wife could make a valid disposition, by will, of lands in which he had an interest at her death. It is to be observed, however, that at the time of rendering his opinion in that case, both the husband and wife were dead, and the question as to the effect of such a disposition so consented to was no longer of any importance. He observed, however, that the will was made with the consent of her husband, and duly admitted to probate. He added : "Before the passage of the act of 1864 a married woman could, with the consent of her husband, make a valid will of her personal property. *Emery* v. *Neighbour, 2 Halst. 42; Van Winkle* v. *Schoonmaker, 2 McCart. 384.* The act of 1864 removed the disability of married women to make wills, but at the same time saved the rights of their husbands in their estates. Under it the will of a married woman is valid without her husband's assent, except as to his legal rights in her property. With his assent it is absolutely valid. In the present case, the property devised and bequeathed was property over which her husband in her lifetime had no control, and which her creditors could not have reached for the payment of his debts * * * His assent to her will was an effectual waiver of his claim to her property after her decease, a renunciation of his reserved rights, and is conclusive not only against him, but against his creditors also. *Silsby* v. *Bullock, 10 Allen 94.*" I think there can be no doubt but that it is my duty to accept and follow

such a clear and explicit declaration of the law by the chancellor. It may be added that, in *Wagner* v. *Ellis, 7 Pa. St. 411*, the court held that the rule, that the husband may consent to the wife making a testamentary disposition of her personal estate, because he is regarded in the law as her next of kin, and takes all at her death, when she dies intestate, applies to real estate, when under the law he is entitled to the fee at her death.    And I think that a careful study of the *eleventh chapter of Reeve's Domestic Relations* will satisfy the inquirer that the foundation of the rule requiring the consent of the husband to the wife's disposing of her personal property by will is, that her property all became his at her death, if not before, upon his reduction of it to possession.    In the case now before me, as in the case of *Wagner* v. *Ellis, supra,* the will effects no change in the rights of any one who can claim under the wife except the husband.

I will advise a decree in accordance with these views, with costs.

*Mr. John F. Harned,* for the appellants.

*Mr. Thomas E. French,* for the respondents.

The opinion of the court was delivered by

VAN SYCKEL, J.

The bill in this case was filed to enjoin attachment proceedings against the husband's estate by the curtesy in lands of which the wife died seized.    The only question to be decided is, whether a married woman can by will, with her husband's consent, dispose of his right of curtesy in her land at her death ?    Since the Married Woman's act there is no estate by curtesy initiate, but at her death, issue having been born, estate by the curtesy devolved on the husband.    *Colgan* v. *Pellens, 19 Vr. 27.*

At common law a married woman was incapable of devising lands.    Her capacity to make such devise is now regulated by statute, which precludes her from disposing by will of any interest or estate in real property, to which her husband would

Middleton *v.* Steward.

be entitled by law at her death. The right of the husband to a life estate at the wife's death became vested, and could not be divested in any mode that would not be efficacious to pass a fee simple. If the fee had been in the husband, I think no one would suppose that a devise by the wife, with the husband's assent under seal, would pass the title to her devisee. The doctrine of estoppel cannot be invoked to override our statute concerning wills. That statute prescribes the mode in which a will shall be executed to pass real estate. The proposition in this case is to pass the estate of the husband by a will not executed in any form by himself, but by the will of a third person. A devise can operate only upon the estate of the devisor. No form of consent can make it effective to dispose of the estate of another. A devise takes effect only on the death of the devisor, but here the effort is to convey the real estate of A by the will of B, and to make it operative in the lifetime of A.

Admitting the devise of the wife to be effective, we must concede that a devise by a third person, with like assent of the husband, would be of equal force. Such a mode of passing title to lands will find no support in any adjudicated case under the common law. No case has been found in which it is even suggested. It is equally devoid of any statutory authority to uphold it.

The case of *Beals's Exr.* v. *Storm, 11 C. E. Gr. 372,* is relied upon in the court below. At the time of the decision in that case the effect of such a testamentary disposition of real estate was not involved in the cause.

The case of *Silsby* v. *Bullock,* cited by the chancellor from *10 Allen 94,* rests upon express legislation. The Massachusetts statute provides that the will of a married woman devising her separate real estate shall not operate to impair or destroy her husband's right as tenant by the curtesy without his written assent. The Massachusetts court held that, with the husband's assent, the wife had an unrestricted right to dispose of her lands as if she were a *feme sole.* Our statute expressly provides "that such interest or estate shall remain and vest in the husband in the same manner as if such will had not been made."

The estate of the husband must therefore be regarded as unimpaired, until he executes a conveyance which at common law will be effective to pass his title. His joining with the wife in her lifetime in a deed would bar his estate, for in that case the wife would not die seized. But a mere consent to a will was not competent to divest the estate of the husband or to enlarge the estate of the wife.

The decree below should be reversed.

*For affirmance*—None.

*For reversal*—The Chief-Justice, Depue, Dixon, Magie, Scudder, Van Syckel, Brown, Clement, Cole, Smith, Whitaker—11.